Could the party step forward in Stagg v. Department of State? May it please the Court, Lawrence Rosenberg for Appellant Stagg. The District Court below legally erred in denying Stagg's request for a preliminary injunction to prevent the government from enforcing a repealed and facially unconstitutional prior restraint. But if the prior restraint was repealed in 1984 or 5, 4, as you suggest, and if the proposed regulation was withdrawn and does not exist, what exactly is it that you're challenging? The government has said that notwithstanding the repeal of the prior restraint, it is enforcing it. The government has said in three different places that are critical. One, in the proposed regulation in 2015... Well, they may be enforcing a lot of things, I suppose, but in your... That is part of what he wants to discuss. He wants to discuss things that are not in the public domain. He wants to discuss stuff that's already in the public domain and stuff that could be placed in the public domain by him. Oh, would be placed in the public domain by him that he's aware of. Right. That is technical data. Right. But he wouldn't tell the District Court what that information was. Well, he made a facial challenge, Your Honor, and the reason he didn't go into the specifics is he doesn't want to be limited. Well, but then why is not the District Court appropriately considering that it may well be that what he is asking to discuss are the plans for how to make a nuclear submarine that would then be put into the public record that is not anywhere in the public record and that does not otherwise come within any exception to being technical data? Was the District Court not right to assume that that's what it could be because he won't say what it is? The District Court could assume that. However— Well, then—and you're saying that it is unconstitutional for the government to have a program that says that it is prohibited without a license to make known to foreign governments the manuals and blueprints for nuclear weapons. So, Your Honor, first of all, we're only talking about the public domain exception here. But I'm sorry. It's not in the public domain. I thought you just told me. If it was in the public domain, then I wonder what the case or controversy is because it's clear that the licensing requirement under present regulations does not apply to anything that falls in the public domain category. But you were telling me that that's not all that your client wants to discuss. The public domain exception covers material that is already in the public domain and material that is published. So brought into the public domain, it covers both. Well, but that's—I'm sorry. It covers both. And my point is Stagg wants to be able to use both. He wants to be able to use material that's already in the public domain without getting a license, and he wants to be able, at least potentially, to publish material himself, like in a book, without getting a license. Well, but if it's in—but public domain means things, for example, that are through fundamental research in science and engineering at accredited institutions of higher learning, et cetera. So if he falls within that, that's public domain, even if it has not been published yet. Correct. It's not a question of whether it's been published. It's a question of whether it's in one of those eight categories. Correct. And I may have misunderstood your question. I'm sorry. Yes. Everything in—I'm sorry. I want to be sure I understood your answer. Yes. Your Honor, you are acknowledging, at least for purposes of this argument, that the district court could correctly assume, given your refusal to produce any of the information, that we could be talking about the most seriously classified information imaginable. No, Your Honor. It's not classified. By definition— Judge Hitch asked you—I'm sorry, then, not classified, but the material that would be covered, that we could be talking about, you know, technical material or information that designs nuclear weapons. And you said that, yes, that we can conduct this argument on that assumption. Let me be clear. What we are talking about is only material subject to the public domain exception that is unclassified, privately generated information. But I want to know— If it's subject to the public domain exception, then the regulations make clear that it is, by definition, if it's public domain, it is not subject to licensing because it is not technical data. I agree with you, but the government has said otherwise three times, including in its proposed regulation. What is it? What is the prior restraint? What law? What regulation? What is the prior restraint that you are trying to enjoy? Could you just explain to me what it is that you are trying to enjoy? The licensing requirement. But the licensing requirement, as it is written, is not a licensing requirement that prohibits what you say you want to do. So you are trying to enjoy something that you say is going to be some kind of action that they're going to take, but we don't have anything that says what it is that they're doing. So let me be clear. If this Court were to write an opinion that says the material at issue here is not subject to current law, that would be fine with us. But we don't know what the material is. We don't know what the material is. The material is material subject to the public domain exception in the regulation. Let me ask you another question. In a case like the Pentagon Papers, the prior restraint was the government going out and trying to say to you, if you publish this, we will hold you in contempt. There was no statement there that the publication of something might not have criminal penalties. What is odd about this case is that it turns it on its head. You want to say that criminal penalties that might apply to your publication cannot be applied. And that's exactly the reverse. All the prior restraint cases say, we can't stop you from publishing ahead of time. If you publish something wrong, you may be subject to criminal penalties. You instead are coming in and saying, I want the Court to order the government not to put criminal penalties on me for anything that I may do. I don't know how that fits into any of the prior restraint cases that you cite. I think if you look at the prior restraint cases like Lakewood that talk about licensing regimes, it says, what can you legitimately do under the First Amendment for licensing? And if there were a specific licensing regulation, that would be different. But there is. There is. And what we're saying, the specific licensing regulation, and I understand the history here is a little convoluted, is the original provision in 125.11 that included the express requirement that before publishing something in the public domain, whether it was already in it or you're putting it in the public domain, you had to get a license from the government. And that's been done away with. And that's been done away with, except the government has said they're now enforcing it. The government said in the proposed reg that we are currently enforcing it. The proposed reg that then was withdrawn. But it said in the Federal Register notice that this is not new and that the regulations. Let me ask you a very simple question. Yeah. Would you say that it is an unconstitutional prior restraint for the government to have a regulation or statute that says it is unlawful without a license to provide the manuals for producing, go all the way, nuclear weapons to a foreign country without a license? First of all, that would be classified information, and it's subject to an entirely different regime. Right. Or let's say it's not nuclear weapons. The Boeing Company has developed plans on their own, not with government funding. They came up with a great idea for a new kind of bomber, and they have the plans. It's not classified because the government hasn't even seen it yet. A Boeing engineer says, I want to discuss this in public so everybody has access to this information, to how to build this material. The government says you need a license to do that or you'll be prosecuted. That's unconstitutional? Can I give you two answers? I want to hear the one answer. Is it unconstitutional or not to have such a regulation? It probably would not be because that information probably would be classified because Boeing regularly does business under government contracts. It's Elon Musk. It's somebody who doesn't deal with the government who has billions of dollars. The question is if there is information that is privately developed that is at the level of manuals or blueprints for highly destructive novel weapons, is it against the Constitution for the government to say you can't publish those manuals and blueprints to a foreign country without a license? If it is a prior restraint on pure speech, it is unconstitutional unless it fulfills the procedural safeguards of Lakewood and Freedman. It's got to have judicial review. It's got to not be unbridled discretion, and there's got to be a legitimate time limit for the analysis. So yes, the government could do what you're proposing and what they propose here as long as they do it constitutionally. One of my concerns here is that because of your refusal to tell the district court what it is you wish to publish, because you have refused to tell the district court what it is you wish to publish, we have no idea what we're dealing with. Your argument that this is material that comes within the public domain protection, that's a legal conclusion. And the district court would decide that based on its review of the material. I mean, you try to characterize this as a facial challenge, but in terms of your own standing, it does depend on whether you have a claim that you are subject to ITAR's challenged licensing requirement, and that may very well depend on what kind of material we're talking about. Otherwise, until then, the district court was entitled to consider the worst, and at that point the district court relied on a concern about national security. So how do you get away without telling the court what the material is? So for standing, the legal requirement for a Lakewood challenge, for a facial Lakewood challenge, is only that there be an allegation of an unbridled discretion licensing regime, and that the person intends to speak. But you have to face court, excuse me. Any time the government says in some way or other, if you do something, we will prosecute you, you have a right to come in and say, I want an injunction against the government prosecuting me if I do some things which may or may not fit under this comment, statement, not written out in a regulation, that they mean to do. No. Only if it's a prior restraint on pure speech. But even under a more rigorous version of standing, the declaration in the record from Mr. Stagg says specifically, and Stagg's a lawyer, he's an officer of this court, he worked in the office that enforces this at the State Department, he used to determine what was technical data and what wasn't. He says, I have data, I have books from libraries, I have other material, I know it's subject to the regulations, I intend to speak, and I've looked at this proposed regulation, and I believe under this proposed regulation I could be prosecuted for speaking. That is more than enough for standing. Why doesn't he enter into the court? I mean to publish X, Y, and Z. This is what I mean to publish. And if anybody prohibited me from publishing this ahead of time, that would violate the law. At that point the court could look at it and say, oh, this looks like a prior restraint. But that isn't what he's done. He said, I'm a lawyer, I know what I'm doing, I know what I want to publish, and I think it's a prior restraint. That's what he's done. Why does the court have to say, yeah, I agree with you, I know you're only going to publish things that you have a right to publish. Because it's a facial challenge and it's an unconstitutional prior restraint on its face. A facial challenge to what? People claiming that they've got material in the public domain? A facial challenge to what? The licensing requirement. At all. There can be no licensing. The current licensing requirement that the government says it's enforcing, that doesn't have judicial review under the ITAR, that doesn't have a time limit, and that gives unbridled discretion to deny the license. I don't see how it's unbridled discretion or how there's even a licensing requirement if, as your client says, what he's proposing to discuss is material that under the regulations on their face do not require a license. What am I missing? Your Honor, the government has said in the proposed reg, in the brief in this case on page 44 of their brief, and in the Nielsen declaration that they submitted to the district court, that there is a current licensing obligation. To material that is not in the public domain? No, to material that is under the public domain exception. That is what they have said. I'll be interested to hear them discuss that. They have absolutely said that, and that's why he brought the challenge. Where in the record did they say that? Where do we have that? It's in the Nielsen. If you can tell us on rebuttal, we'll hear from the government. Okay. Good morning. May it please the Court. My name is Dominica Tarzinska, appearing on behalf of the Department of State, the Director of Defense Trade Controls, and the Secretary of State. Ms. Tarzinska, we're going to let you make your argument, but just so that we're clear on your position, is the government taking the view that there's a licensing requirement for materials that are in the public domain? If materials are properly in the public domain, there is no licensing requirement. If materials are publicly available but were not released appropriately into the public domain, then yes, authorization. Here's my problem with that. I'm looking at 22 CFR section 120.11. It says, A, public domain means information which is published and which is generally accessible or available to the public, one, through sales at newsstands and bookstores. Now, anything that, for example, Mr. Snowden released, that some publication like The New York Times or The Washington Post or The Guardian from the United Kingdom published that I can buy on a newsstand. Snowden violated the law, let's say by hypothesis, by publishing it for the sake of the argument. We'll assume he violated the law. Is that not public domain information under this regulation? The State Department's position is if that original release was not appropriate, was not authorized, then the information remains technical data. Where do you get that in this regulation? Well, that comes from the fact that... Technical data is defined as not including anything in the public domain. I just read to you the definition of one category of material that is in the public domain. You tell me why I am mistaken in thinking that once it's out there. I understood your adversary to be saying, by the way, that Mr. Stagg could put things into the public domain by making his own revelations of things that are not there already. But you're now telling me that he could be prosecuted not just for doing that but for releasing, saying at a meeting, in a bar association conference, something that we all know because all we need to do is buy a copy of the New York Times to learn it. You're telling me he could be prosecuted for that. Well, if he knew... Are you saying that if I know that Mr. Snowden published something and it is out there to anybody, I can be prosecuted for repeating in a newsletter what Mr. Snowden has said and has published already outside and that the government is saying that it has a right to go and prosecute individuals who simply repeat things which are already out there if they got out there improperly? Is that what you're saying? The scope of what is technical data is... No, answer my question. I think both judges have asked you the same question. Are you going to prosecute people for that? Well, there's an enforcement discretion element to it. I'm not interested in discretion. Where does it say that you can be prosecuted? At all. At all. The statement that the State Department has made in the preamble is that they are to the proposed regulations. You're absolutely correct that you are proposing that the government has authority to prosecute people under the current regulations, notwithstanding that there's absolutely nothing in the regulation that says this, for saying in public something that already is technical data, understood, or what would otherwise be technical data. Because it isn't technical data by definition if it's in the public domain. Right? Because the first person to ever put it into the public domain was in breach of some obligation. That person can be prosecuted, but so can anyone who repeats it. That is... While that is not... There's no, as far as I know, history of enforcement. That is the State Department's position, as they've said. And where... Can you explain? Can you argue to me? Forget the First Amendment. Tell me why the law says that that is something you can do. What provision says you can do that? Well, the... Why isn't that an ultra virus? All right, let's let her answer the question. That comes from a reading of both the export definition, which requires a license for... Where are you? What statutory section are you in? That's 120.17. But it all relates to technical data. And technical... Well... The definition of technical data is excludes material in the public domain, and section 120.11 says what the public domain is. So how is it, if Snowden did publish one of these manuals... Of course, I have no idea whether he did. It's just a hypothetical. He published one of these manuals, and the New York Times reports what he published. Now, Mr. Stagg or Donald Trump or Hillary Clinton on the campaign trail says, what an outrage that the New York Times is publishing this stuff. Here's what they're publishing. Look, it's the manual for how to make a nuclear submarine. And it says right on this page, you start with whatever, titanium. They could go to jail. Notwithstanding, forget the First Amendment, notwithstanding that there is absolutely nothing in this statute or regulation that provides that that is a violation or requires a license. Well, there is in the other categories within public domain, A7 discusses a public release through unlimited distribution after approval by the cognizant. That would get something into the public domain, but so would seven other things. Well, the other categories, within the other categories, there is an assumption that the original release was appropriately authorized. Where is that assumption? I mean, we're talking about law here. We're talking about criminal penalties, and you're telling me that when regulation says that the public domain, which is excluded from technical data, excluded from the licensing requirement, means information which is published and which is generally accessible or available to the public through sales at newsstands and bookstores. There is an assumption that it got to the newsstand with a government license? That is the State Department's view, and they are not. Their view is that in all likelihood, what Mr. Stagg has, if it in fact came from a newsstand or a bookstore, is not in fact ITAR-controlled technical data. Let me ask you this. You're here because the district court denied the plaintiff a preliminary injunction. To the extent that what Mr. Stagg wishes to publish is material that is already in the public domain, however it got there, are you opposing a preliminary injunction on that material? Well, that is not the preliminary injunction that Mr. Stagg sought. Yes, but that isn't the question. Let's start with my question, and then because, you know, we're trying to see what is the real issue before us, and this has taken a turn that maybe we didn't quite anticipate about public domain material, so I want to know whether the government is opposing a preliminary injunction on your pursuing against them. You know, it's a preliminary injunction. You can go and battle this out however you want, but do they risk prosecution for dissemination of material now in the public domain, again, however it got there? If the material has not been authorized into the public domain, we do oppose a preliminary injunction. Okay. And so you intend to prosecute them. What statute are you going to prosecute them under? I don't believe that there is an intention to. . . Mr. Stagg, that is a decision that is made based on. . . You're opposing a preliminary injunction, and you're opposing it on the grounds that there's national security concern. But if you're not prosecuting people for material that's already in the public domain, you know, not only do we maybe not have an issue here, but the national security concern is quite different if we're talking about material that's already out there. Well, it would depend on the nature of the material that Mr. Stagg wrote. But if the question is, as you've just now put it, we want the right to prosecute, but we may well not intend to prosecute, when somebody republishes something that is in the public domain, we want the right to frighten people, to tell them we may prosecute you, but then may not prosecute you. Isn't this exactly the kind of power that the government is not given? That is, they have to tell us, this is something that is criminal, and here's the reason why, and here's the reason people can't publish it, rather than say, well, you know, we want to kind of have a right. . . We like the way you said it, but we like the way the other one said it. Isn't that just . . . I mean, I find your . . . You know, I've seen cases resolved without injunctions being entered when the government simply represents to the district court that, you know, we don't want an injunction-entered judge, but we represent as officers to the court that there'll be no prosecution for the dissemination of material that's already in the public domain, and then you move on with the case. Well, the problem here is we cannot make such a representation because we don't know what it is that Mr. Stack wants to publish. So there could be something that is out there. I understand there may be other material, but that's why I started you focusing on material that is somehow already in the public domain. And focusing purely on the sliver of what you're referring to as the public domain, meaning material that's publicly available, but is publicly available without the appropriate authorizations. However it got there. So if it is out there without the appropriate authorizations, we cannot make such a representation without knowing what the danger of it being further . . . What is the danger of allowing Mr. Stagg to say to a bunch of lawyers in the meeting room in New York, here's some material that the government thinks should be censored that I found on a public newsstand at Grand Central Station, if in fact it's correct that anyone could have gotten this at a newsstand at Grand Central Station. Well, we don't know where Mr. Stagg got the information, what the information is, but the danger . . . But you do know that it is in the public domain because that's what we've kept pressing you. Now, are you . . . is . . . you are objecting to some things that are in the public domain and got there improperly being restated by Mr. Stagg. That is what you're objecting to. You say because we don't know what they are, they may be some things that are already in the public domain and got there improperly that we want to prohibit him from reproducing. That's what you're saying, isn't it? And because we don't know what they are, we can't assess and answer to this court what the danger of republication is. We don't know what kind of cat it is. The only thing we know is that it's out of the bag. Well, it may be in some limited place, but through republication, the danger of it being provided to foreign persons is amplified and . . . Something that's in an obscure journal put on the Internet. Exactly. And . . . All right. Additionally . . . You've spent a lot of your time on one issue. I just want to give you a minute or two to say anything else you want to say in defense of this injunction . . . Well . . . . . . or denial of this injunction. The first point that the court should look at is standing and whether Mr. Stagg, in fact, has standing because of his refusal to identify what it is that he wants to present and whether it is, in fact, something that would even be subject to the ITAR's licensing requirements. Without being, you know . . . Plaintiff's counsel . . . You know, he has minimal standing requirements in prior restraint cases. He says he has material that you're telling him is subject to ITAR, even if it's in the public domain, and that, you know, the law doesn't require someone to wait until he's prosecuted to challenge the suit. Well, it's only subject to the ITAR if it is, in fact, technical data related to an item on the U.S. munitions list. Plaintiff's counsel has represented that Mr. Stagg used to work for the State Department, so we should trust him, but he is not the, you know . . . The State Department should, in fact, be able to analyze those materials and offer its own response to Mr. Stagg's decision that what he has is . . . You don't think an in-camera showing would do? It has to be to you. If . . . An in-camera showing would be a first step, certainly. No, I'm saying that wouldn't be adequate, because just as Mr. Stagg doesn't know, can't evaluate, the district court couldn't reasonably be expected to evaluate what's subject to ITAR. If Mr. Stagg had . . . if the district court had had the benefit of reviewing the materials that Mr. Stagg had had, maybe that would have been sufficient, but here, that didn't occur. But in any event, even if the court were to find that Mr. Stagg has standing, Judge Shindlin did not abuse her discretion in deciding the preliminary injunction, looking solely at the balancing of the equities and the public interest. The court need not reach the merits issues of the First Amendment, and in fact should not, because Judge Shindlin did not decide those issues. She assumed that he could demonstrate a likelihood of success on the merits, and yet found that nevertheless, due to the significant impact on the public interest in foreign policy, that a preliminary injunction in joining the government's ability to enforce the licensing requirements with respect . . . either with respect to the broad injunction that Mr. Stagg had sought, or even a narrower one, limited solely to his speaking at this conference. And as his counsel just indicated, there are materials that he wants to put into the public domain that were not previously there. That is something new in this argument. But a preliminary injunction limited to those things which are already in the public domain would be a different thing. That is, the fact that he asks for a broader injunction may be good reason for turning it down. If he in fact does, although that's not altogether clear, but couldn't the district court just issue a very narrow injunction saying as to things which are already in the public domain, as to that, there is no showing of national security interest sufficient to do this, to prohibit their being. Because you haven't shown as to things. You say there may be some things which, although they are in the public domain and they may be gotten, it is possible that they might somehow affect national security. But that's a mighty broad national, you know, that's mighty far from national security. Well, that highlights the difficulty of making that analysis without knowing what it is that Mr. Stagg wants to publish. And so there are, so even if something is publicly available. Except that we know it is publicly available. That is, you, I buy your argument if it is something that is not publicly available, because then I can say he could be publishing anything which would be catastrophic. But we have a situation where you are saying we know this is publicly available, but because it might be more or less publicly available, and then it might have, there might be national security. But doesn't that tilt the whole thing in a different direction? Well, without knowing what it is, the court was correct to assume that it could, to assume the worst case scenario that it could be something that has very significant impact on national security. And it's not in the public domain. Well, that is not properly. Things that might be in the public domain without authorization in some relatively obscure way that could be, it could be dangerous to highlight by making it more publicly available. That's the argument. And you're saying we should assume that because there's no reason not to assume that, since any injunction, even an injunction limited to the public domain, would not, would permit the publication in mass media of that kind of information. That's correct. Thank you. Thank you. I have just a few points in rebuttal. First of all, the government, I think, has now clearly stated that they do intend to punish the speech that Stagg wants to engage in. Quite the contrary. They said they don't anticipate doing so, but they won't represent that they won't agree to an injunction along those lines. Fair enough. But as the court has stated, it's that threat that's the problem under the prior restraining order. But I just want to be precise as to what people's positions were. Was this distinction between public domain materials and non-public domain materials made in the district court? Yes. I mean, if you look at Stagg's declaration on A76 of the record, he specifically says that he intended to publish, or he intended to give a presentation about information from the public domain that the defendants did not authorize into the public domain. This is paragraph 9. Would you be satisfied with a preliminary injunction that was limited to things which are already in the public domain, even if they got into the public domain improperly? We think the court should, at minimum, remand— You answer my question. Would you be satisfied with an injunction that was limited to that? What I was going to say is I think the court should, at minimum, remand with instructions to enter that injunction and perhaps let the bigger picture of additional materials published in the public domain go forward separately. I think that there are two different— Our job is to— We would affirm on that, on the other part. The question I was planning to ask you when I asked for your preliminary position is this. If the—I didn't see where, before the district court, there was any presentation on whether the government could pursue the licensing requirement with respect to materials that had gotten into the public domain without authority. I mean, was the district court ever asked to consider whether the government had the authority to construe this scheme the way it's now urging before us? All I can tell you is that Stagg argued in the district court that he was going to put materials, he was going to use materials that were already in the public domain, and the court considered the full injunction that he said covered the public— If you didn't tell the district court that it was your position that they could not, that the public domain exception covered even materials that had gotten into the public domain without authority, then the district court would have had no reason to rule on that question. That was before the district court. Stagg made that argument. I just want to know where we should look for it. My colleague will find it. Let me just make a couple of points. I think what the court really should do here is to, as Judge Lynch, you suggested, declare that there's no current law that allows the government to enforce this licensing regime, because that is correct. How do we know that? Because it's been— How do we know that? One of the questions is, is there any law that would do that? This is really the question that Judge Raji was just asking about, was that argued sufficiently so that the district court said there is such a law or there isn't such a law? You've presented to us a constitutional question. Yes. You've asked the district court and now us to make a declaration that something would be beyond the power of Congress to do when it's not clear that there's any statute that authorizes doing that in the first place. But we've also argued vagueness. We've argued that under the Fifth Amendment, this is unconstitutionally vague because they repealed the law. I don't even know that it's vague. Because the government says we can lock you up because we don't like how you look doesn't mean that there's an actual statute that says they can do that. But they are pointing to a licensing regime that at least used to exist. And we say it's been repealed. They are now saying in court it hasn't been repealed as a matter of current law. I don't even know that it used to exist, frankly. I mean, I think you are rather tendentiously interpreting some of the things that used to be there. But whatever might exist in the future, whatever might have existed once in the past, we don't have cases or controversies to decide whether something was constitutional that once existed or whether something is unconstitutional that might exist in the future. We are concerned with what the current law is. Of course, you're right. But the government has just told you in open court that the current law is that they're going to enforce. But maybe they're wrong. Maybe they're wrong before we get to any constitutional questions. Yes, you could make a ruling. We have no problem with the court making a ruling that they're wrong and that the current law does not permit this. That hasn't even really been briefed to us. What I presented was here's the way I read a regulation that appears in the CFR. You know, we don't make that kind of pronouncement ex cathedra on our own. But we made that argument in the course of our Fifth Amendment argument. We said all of that. We said that the law doesn't allow this. It's been repealed. They're trying to enforce something that's been repealed. That's void for vagueness under the Fifth Amendment. We've made all of that argument. What if we said something like this? The government says that they would enforce something. We do not see what it is that they would enforce. So, we are in a difficult position to enjoin something for which at the moment we see no basis. If the government makes an argument to the district court that shows that there is some regulation, some rule that they wish to enforce that goes this, then the question of the First Amendment or its compliance can be decided. But that wouldn't be sufficient, Your Honor, because the industry, Mr. Stagg and the rest of the industry, in the addendum we included, or the appendix, we included comments from IBM and from the American Association of Universities. The public out there thinks they are subject to enforcement by the government. And there needs to either be a statement that there's no law that allows them to enforce, or perhaps, Judge Raji, as you suggested, a more limited injunction that prohibits the government from punishing information that's already in the public domain. I'm not sure we even know that the material in the public domain that your client wishes to be able to publish was put in the public domain with authority or without authority. His affidavit says it was without authority. Without authority. Yes. His affidavit clearly says that. Let me ask you this in terms of not being willing to reveal this to the district court. Aren't you going to have to reveal it soon enough in discovery? Potentially. What is the insistence that this all be done abstractly on a preliminary injunction motion, rather than getting before at least the district court? I'm not sure why it can't also be to your adversary, but at least to the district court. What on earth we're talking about? For two reasons. Because the industry and people other than Mr. Stagg are very worried about this. That's not our concern. We have a lawsuit involving particular parties. But it's a facial challenge, and the point is it's unconstitutional. He can only maintain the facial challenge if he risks harm from what it is he's claiming. Which he is. Which he is. Well, but that would be a lot clearer if he were telling people what it is he wants to prove. But the other thing is he doesn't want to be limited to a certain specific set of information. I understand that. And that's — I'm not sure that by giving illustrative examples, he limits himself. But by refusing to tell the court anything, the court's going to assume everything. But the point is, as I think the Court has discussed, with respect to stuff that's already in the public domain, the cat is out of the bag, and he shouldn't have to give any examples. There may be a question on whether it's published in some obscure journal, and now your client's presentation is going to go on the Internet. And the Internet's not part of this, because the Internet's not part of the public domain exception, at least under current law. No, no. But he could take something that's in the public domain because it's in an obscure journal, and where he's publishing, where he's going to disseminate it is not simply to some lawyer's group, but it's going to wind up on the Internet. It would not be published on the Internet. That would not be public. How do you know that? How do you know that anybody in the room won't then take it? He would not be publishing it on the Internet. He's not claiming the ability to publish it on the Internet. That's not part of the public domain exception. Thank you. But — okay. Thank you. All right. I think we have the parties' positions, such as they are. Thank you very much. We'll take the matter under advisement.